## STATE of Vermont v. Laura HIGGINBOTHAM

[816 A.2d 547]

No. 02-308

¶ 1. December 24, 2002. Defendant appeals from the denial of her private counsel's sealed ex parte motion requesting public funding for expert witnesses and investigative services necessary to her defense of a charge of involuntary manslaughter. The court denied the motion on the ground that defendant is not a needy person under 13 V.S.A. § 5231(2). We affirm.

¶ 2. Defendant is charged with the death of her adopted minor daughter, which occurred in November 1998. The case for the State will purportedly be built on the testimony of several expert witnesses in various medical and forensic specialties. Defendant's private counsel filed an "Ex Parte Motion for State Payment of Necessary Services and Facilities of Representation," alleging that defendant is unable to pay the fees and travel expenses of expert witnesses required to counter the State's evidence. The trial court held an ex parte hearing. Defendant submitted an affidavit of income and expenses. The affidavit showed that defendant had a gross monthly in-

come of $5,264 for the month preceding the application, and an annual income of $72,984 for the year preceding the application. Total household income was higher, $7,829 per month, because defendant's husband contributed to the expenses of the household. Defendant's total expenses were $6,725 per month, which she was able to afford because of her husband's contribution to household income. The trial court found that retention of the experts identified by defendant will be necessary to making her defense to the charges, but denied the motion for state payment because defendant's income is too high for her to qualify for state assistance with her legal representation. The trial court also noted that defendant could meet the expenses of her defense by subordinating the claims of her attorneys, who had already received substantial payment of their expected fee, to those of the experts she wanted to hire, or paying the expert witnesses over time.

¶ 3. In reviewing a trial court's decision on whether a defendant is eligible for a requested service to be provided at the state's expense, we defer to the trial court unless there is a showing that the court abused or failed to exercise its discretion. *State v. Handson,* 166 Vt. 85, 92, 689 A.2d 1081, 1085 (1996). This case requires us, however, to determine how Vermont's law mandating state provision of legal services to needy individuals applies to a high-income person whose legal expenses exceed her current income. The case therefore presents a question of law, and accordingly is subject to de novo review. *John A. Russell Corp. v. Bohlig,* 170 Vt. 12, 16, 739 A.2d 1212, 1216 (1999) (questions of law reviewed de novo).

¶ 4. On appeal, defendant argues that the trial court improperly assumed that defendant could make some arrangement to pay both counsel and experts on a deferred schedule. Defendant's argument overlooks the primary ground of the trial

court's opinion, which is that defendant's income and standard of living is too high for her to qualify as a needy person entitled to state supported services for her defense. We concur with the trial court's conclusions of law, and therefore affirm.

¶ 5. Section 5231 of Title 13* entitles needy persons charged with serious crimes to be provided with counsel and the services required to defend the charges, such as experts and investigative services. See *State v. Wool*, 162 Vt. 342, 349-50, 648 A.2d 655, 660 (1994) (holding that needy persons have a distinct right to payment of necessary services for defense, whether or not services of an attorney are required). Administrative Order 4, § 5 of the Supreme Court defines who is considered a needy person within the meaning of the law. Subsection (b) provides:

A needy person is a person who at the time of need assessment is financially unable, without undue hardship, to provide for full payment of an attorney and all other necessary expenses of representation . . . . Factors to consider in the determination of whether a person is a needy person shall include current income, assets, current

---

* Section 5231 of 13 V.S.A. provides:

A needy person . . . who is charged with having committed . . . a serious crime, is entitled . . . [t]o be provided with the necessary services and facilities of representation. . . . The attorney, services and facilities, and court costs shall be provided at public expense to the extent that the person, at the time the court determines need, is unable to provide for their payment without undue hardship.

expenses and the number of dependents.

¶ 6. Subsection (c) sets forth certain presumptions of need, including "[a]ny person whose gross income is at or below poverty income guidelines for nonfarm families." A.O. 4, § 5(c)(2). The poverty income guidelines are incorporated in Appendix B to A.O. 4. For a family of two, the poverty guideline is currently $11,940 in gross yearly income. Families earning this amount or less qualify for state payment of expenses associated with their defense. Families with gross yearly incomes somewhat higher than the poverty guidelines are also eligible for at least partial state assistance in paying for their defense. Subsection (d) provides that needy persons with incomes 125% above the poverty guidelines will be required to reimburse the state for a part of their defense. Thus, although the poverty guidelines establish the threshold income for qualifying for state assistance, persons with incomes that exceed the poverty guidelines may receive a state contribution toward their defense, although they must share in the cost. See *State v. Morgan*, 173 Vt. 533, 533-34, 789 A.2d 928, 929 (2001) (mem.) (reviewing the statutory framework for determining an applicant's ability to pay for a defense).

¶ 7. Applying the guidelines and looking at defendant's income and expenses, the trial court did not err in its conclusion that defendant is not a needy person within the meaning of the statute. Assuming for argument that defendant's husband would not be responsible for contributing to defendant's legal expenses, and therefore considering defendant's income alone, and allowing for one dependent child, defendant's income is more than five times the poverty guideline for a two-person family unit. Her expenses, as found by the trial court, reflect a solid, middle class lifestyle, a lifestyle that is not luxurious, but one

that is substantially above the level at which state support should be compelled. We recognize that defendant's expenses to defend the charges have been and will be substantial, even in light of her income; however, defendant has the opportunity, if she chooses, to alter her mode of living to meet her legal needs. Unless there is a substantial change in her finances, defendant is not eligible for state payment of defense expenses.

¶ 8. We have reached the issue here on the merits, despite the State's suggestion that the appeal should be dismissed as improvidently granted because it was not filed within seven days of the trial court's order under A.O. 4, § 5(k). The State concedes, however, that defendant could have reapplied to the court and then filed a timely appeal. In the interests of judicial economy, we take jurisdiction under V.R.A.P. 2.

¶ 9. Finally, defendant requests that the ex parte motion filed below remain sealed and that counsel for the State be barred from sharing information learned from that proceeding in the preparation of this appeal with any other member of the state's attorney's office. The State agreed at oral argument, and it is so ordered.

*Affirmed. The ex parte motion filed below shall remain sealed, and the counsel for the State shall be barred from sharing information learned from this proceeding with any other member of the state's attorney's office.*