## STATE OF VERMONT
## VERMONT ENVIRONMENTAL COURT

TOWN OF BRISTOL,             }
    Plaintiff,             }
                        }

           v.              }         **Docket No: 45-3-04 Vtec**
                        }         **Zoning Enforcement Proceeding**

PETER J. NELSON, MARK NELSON,    }
LAURA GORDON, JAMES N. NELSON  }
and ANGELA LAFOREST,       }
    Defendants.           }

### Order on Motion for Reconsideration

Now before the Court is Defendants' joint request that the Court reconsider its September 30, 2005 decision to issue a default judgment against Defendant James N. Nelson and to not open four default judgments against Defendant property owners Peter J. Nelson, Mark Nelson, Laura Gordon (a/k/a Lora Gordon), and Angela LaForest. The underlying action was brought by the Town of Bristol (Town) against all Defendants as co-owners of property at 81 West Street which is primarily occupied by Defendant Peter J. Nelson. The Town claimed in its Complaint of March 22, 2004, that Defendants caused or allowed numerous violations of the Town Zoning Bylaws and Regulations (Bylaws) regarding the collection and storage of motor vehicles and the operation of a junkyard at 81 West Street.

Defendants were originally represented by Kevin E. Brown, Esq., but after his motion to withdraw was granted on August 24, 2004, Defendants represented themselves until retaining W. Scott Fewell, Esq. sometime in late 2004 or early 2005. The Town is represented by Amanda S. E. Lafferty, Esq.

Defendants' new motion for reconsideration of our prior Order argues that the Court prevented Defendants from presenting evidence on the duration of the violations, that the Court levied fines in excess of $36,000 on all Defendants, and that Defendant James N. Nelson's health prevented him from adequately responding to the Town's notice of violation and enforcement proceedings.

We again decline to exercise our discretionary authority under V.R.C.P. 60(b) because we find no extraordinary circumstances justifying relief from judgment. See John A. Russell Corp. v. Bohlig, 170 Vt. 12, 24 (1999). While Defendants have only recently retained counsel

on their behalf and begun litigating this matter, their efforts are, at the very least, a year and a half late. This Court has spent considerable time and resources on this matter, including responding to Defendants' specific request to be heard, only to have all five Defendants choose to not appear and respond at scheduled hearings, particularly those scheduled in the Fall of 2004. Each of the five Defendants was given notice in this matter, and on each occasion, each individual Defendant refused to respond to the Court. This case is not simply the actions of one Defendant ignoring a notice from this Court. All five property owners ostensibly refused to respond in an efficient, timely manner. We are still discussing zoning violations that occurred almost two years ago—the original Notices of Violation are dated November 24, 2003.

The Court recognizes that Defendant Peter J. Nelson had some serious health and depression issues to address during 2004. However, Mr. Nelson points to no direct evidence in his affidavit where his illness prevented both him and his co-Defendants (all of whom are co-owners of the real estate and appear to be brothers or sisters of Mr. Nelson), from appearing in or responding to the Court. Apparently, all Defendants believe Mr. Nelson's illness constitutes good cause for all Defendants in this matter to ignore the Court proceedings on the Town's zoning complaint. This is not the case, as Defendants, including Peter J. Nelson, had ample time in 2004, almost ten months, to respond.

Peter J. Nelson repeatedly asserts that the violations had been remedied and that he had complied with the Town's zoning bylaws. His assertions are unavailing, as the underlying violations can no longer be in dispute, since the notices of violation were issued in late-November 2003, were unappealed and cannot now be challenged. 24 V.S.A. § 4472.

Lastly, Defendants challenge the fines levied in this enforcement proceeding as excessive. Where Defendants refuse to answer to alleged violations of zoning bylaws, it is entirely reasonable to assume that Defendants will continue to refuse to cure the zoning violations, some of which are viewed as quite serious by this Court, as they can lead to hazardous waste contamination of Defendants' property and surrounding properties owned by others. In this instance, the Court was justified in levying the large fines because it appeared that none of the five Defendants would take responsibility for the violations at the property. Furthermore, in light of the potential $100/day fines for each violation, the Court's imposition of fines of $30/day for each violation until the date of the preliminary injunction, May 26, 2004,

and then $20/day after that date for each day of the violation appears even more reasonable and within the Court's discretion.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendants' motion for reconsideration is DENIED. A hearing on the penalties to be assessed in this matter regarding Defendant James N. Nelson and whether such fines should run jointly and severally with the fines imposed on the other Defendants, as well as a preceding site visit, are scheduled for December 22, 2005, at 8:30 A.M. The parties should provide directions to the site by December 16, 2005.

Done at Berlin, Vermont, this 10th day of November, 2005.

_____
Thomas S. Durkin, Environmental Judge