09-2656-cv
ChooseCo, LLC v. Lean Forward Media, LLC

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
         GERARD E. LYNCH,
                    *Circuit Judges*,
         MARK R. KRAVITZ,
                    *District Judge*.[*]

_____

CHOOSECO, LLC,

               *Plaintiff-Counterclaim-Defendant-Appellee*,

        - v. -                              (09-2656-cv)

LEAN FORWARD MEDIA, LLC,

               *Defendant-Counterclaimant-Appellant*.[**]

_____

---

[*] The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

Appearing for Appellant:    PIETRO J. LYNN, Lynn, Lynn
                            & Blackman, P.C., Burlington,
                            Vermont.

Appearing for Appellee:     GARY L. FRANKLIN, Primmer Piper
                            Eggleston & Cramer P.C.,
                            Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the District of Vermont be **AFFIRMED.**

Appellant, Lean Forward Media ("LFM"), appeals from the district court's August 22, 2008 denial of its motion for summary judgment regarding the construction of the Option and License Agreement (the "Agreement") entered into by the parties, and from the court's May 20, 2009 denial of its motion to withdraw or defer judgment based on its affirmative defense of unclean hands.  LFM also challenges the district court's jury instructions and verdict form.

This case involves a dispute regarding an Agreement entered into between the parties pursuant to which LFM acquired certain rights from ChooseCo, a company formed by the creators of the "Choose Your Own Adventure" series of children's books.  ChooseCo subsequently terminated LFM's

2

alleged failure to perform according to the specifications of the Agreement. ChooseCo sought a declaratory judgment that it was entitled to terminate the Agreement, and the matter was tried before a jury. On April 2, 2009 a verdict was entered in favor of ChooseCo. The jury found that ChooseCo proved by a preponderance of the evidence that LFM failed to comply with the Agreement and that, therefore, ChooseCo properly terminated the Agreement. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pursuant to a choice of law provision agreed upon by the parties, Vermont law governs the interpretation of the Agreement. The question of whether a contract is ambiguous is a question of law. *See John A. Russell Corp. v. Bohlig*, 739 A.2d 1212, 1216 (Vt. 1999). The district court determined that the disputed contract provision was ambiguous. Once a court has made this legal determination, "the question of what the parties intended becomes a question of fact for the factfinder to resolve." *Id.* at 1205. Under those circumstances, summary judgment is not appropriate. *Id.* at 1204. Contrary to LFM's argument, the contractual provision at issue was not unambiguously

favorable to LFM's position, and summary judgment in LFM's favor was therefore properly denied.

LFM argues that the doctrine of unclean hands applies to bar ChooseCo from obtaining relief. Under Vermont law, "[a]ny willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim" of unclean hands. *Starr Farm Beach Campowners Ass'n, Inc. v. Boylan*, 811 A.2d 155, 160 (Vt. 2002). In this case, like the district court, "[w]e see no evidence of any action taken by [ChooseCo] which is outside the spirit of fairness, justness, and right dealing such that we need to effectuate a result different from that of the trial court in order to ensure that an injustice does not occur here." *Id.* (internal quotation marks omitted).

LFM's objection to the jury instructions and verdict form clearly did not comply with Federal Rule of Civil Procedure 51(c). The parties were given an opportunity to object to the jury instructions and verdict form, *see* Fed. R. Civ. P. 51(b)(2), but LFM did not raise any objection until during the jury's deliberations. The "[f]ailure to object to a jury instruction or the form of an interrogatory

4

prior to the jury retiring results in a waiver of that objection." *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 57 (2d Cir. 2006) (internal quotations omitted). We decline to find that the instructions and verdict form given to the jury constituted fundamental error. *See Fogarty v. Near N. Ins. Brokerage, Inc.*, 162 F.3d 74, 80 (2d Cir. 1998).

ChooseCo's motion to strike portions of the appendix submitted to this Court by LFM is **GRANTED IN PART** and **DENIED IN PART**. The following pages shall be stricken from the appendix filed by LFM: 397-412, 419, 423, and 426-35. *See* Fed. R. App. P. 30(a)(1).

The Court has reviewed Appellant's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

For the Court
Catherine O'Hagan Wolfe, Clerk