*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## AMENDED ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-275

FEBURARY TERM, 2013

In re Bernice C. Billewicz Guardianship } APPEALED FROM:

}

} Superior Court, Rutland Unit,

} Civil Division

}

} DOCKET NO. 512-7-11 Rdcv

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Appellant Lillian Billewicz, the daughter of now-deceased Bernice Billewicz, appeals from the superior court's denial of her motion for relief from judgment. We affirm.

This is the latest in a series of appeals filed by appellant raising issues related to her mother's guardianship and financial affairs. The record indicates that Dallas Haines was appointed as guardian for Bernice Billewicz in early 2009 following a voluntary guardianship proceeding. The ward died in January 2011. In an August 2012 decision, we rejected appellant's assertion that Haines was not entitled to recover his expenses. In re Bernice C. Billewicz Guardianship, No. 2012-033 (Aug. 29, 2012) (unpub. mem.), available at: http://www.vermontjudiciary.org/d-upeo/upeo.aspx. While this case was pending, appellant filed a motion to vacate in the probate court. She asked the court to vacate all of the payment orders issued to the guardian, vacate all other orders, and review the guardianship from its inception. The probate court denied her motion, and appellant appealed to the superior court.

As the superior court explained, this was appellant's fifth appeal over the course of the guardianship proceedings. Her four prior appeals challenged the appointment of the guardian as well as probate court orders approving payment to him for fees. All of these appeals were unsuccessful. In her present appeal, appellant asserted that she was entitled to relief from judgment under Vermont Rule of Civil Procedure 60(b)(6) to allow for the presentation of new evidence concerning allegations of impropriety by the previously-presiding probate judge for the District of Fair Haven. Appellant stated that she had information "from a very reliable source" that this probate judge was "allegedly under the influence of alcohol during regular business hours and during Court proceedings."

The court denied the motion, noting that appellant had not identified her source nor provided an affidavit or any other form of proof supporting her allegations. As the court explained, relief under Rule 60(b)(6) was to be granted sparingly and only in cases of manifest injustice. See Riehle v. Tudhope, 171 Vt. 626, 627 (2000). The court found that the barebones, hearsay allegations advanced by appellant did not come close to meeting that standard. It added that the interests of finality and judicial economy also weighed strongly in favor of dismissing the appeal. The court observed that appellant, through her prior appeals, had had full opportunity to challenge the substance of prior probate court rulings. The court concluded that appellant had not shown a sufficient factual basis under Rule 60(b) to reopen the proceedings, and held that she could not now use unsupported allegations to gain another bite at the apple. The court thus dismissed her appeal.

Appellant moved for reconsideration, and included an affidavit from Janet Currie. Appellant asserted that the circumstances of the case, in conjunction with the affidavit, satisfied Rule 60(b). In her affidavit, Ms. Currie indicated that she had been a legal clerk for the Fair Haven probate judge between August 2006 and October 2008. She alleged that the judge had a drinking problem and that this had an effect on his ability to practice law and conduct judicial procedures. Currie alleged that the judge presided over the Billewicz case while under the influence of alcohol. The court denied the motion, finding the facts in the affidavit insufficiently specific about particular hearings where alleged impairment occurred. The court found that generalized allegations were insufficient grounds to reopen the probate case. Appellant then appealed to this Court.

On appeal, appellant asserts for the first time that the superior court had an obligation, pursuant to the Judicial Code of Conduct, to hold a hearing on her Rule 60(b) motion. In a related vein, she argues that a hearing was required because the probate rulings "had a severe negative financial impact" on her mother's estate. Finally, she asserts that the affidavit she provided was sufficient to satisfy Rule 60(b).

We find these arguments without merit. Rule 60(b)(6) allows a court, upon such terms as are just, to relieve a party from a final judgment for any reason other than those set forth in the other sections of the rule, as long as the request for relief is made within a reasonable time. As the trial court recognized, "Rule 60(b)(6) is intended to accomplish justice in extraordinary situations that warrant the reopening of final judgments after a substantial period of time." Tudhope, 171 Vt. at 627. We defer to the trial court's decision on review, and will reverse only when the moving party shows that the court abused its discretion. John A. Russell Corp. v. Bohlig, 170 Vt. 12, 24 (1999).

We find no abuse of discretion here. Appellant provided broad, generalized allegations about the probate judge in her motion to vacate, none of which identified any particular error alleged to have been caused by the judge's alleged impairment. Even more significantly, as appellee points out, the affiant was not even working for the probate judge during the relevant time period—the guardian was appointed in early 2009, and the affiant left the probate judge's employment in 2008. Interests of finality support the court's ruling as well. Appellant has had multiple opportunities to challenge the merits of the probate court rulings, and all of her appeals have been denied. Appellant fails to show the extraordinary circumstances necessary to warrant reopening this probate case. None of appellant's arguments on appeal undermine this conclusion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

2