Albert V. Ferris-Prabhu v. Dave & Son, Inc.

[457 A.2d 631]

No. 82-172

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 7, 1983

*Albert V. Ferris-Prabhu,* pro se, Shelburne, Plaintiff-Appellant.

*Paradis & Coombs,* Essex Junction, for Defendants-Appellees.

**Billings, J.** The plaintiff contracted with the defendant Dave & Son, Inc. to repave a driveway. Defendant completed the work and plaintiff paid defendant in full. Subsequently, the asphalt paving heaved so that the driveway was three and one-half inches above the garage floor. As a result, water ran into the garage, one of the garage doors could not be opened, and the pavement began to crack and break up. Plaintiff attempted repeatedly to complain to defendant, and to request that he repair the defective work. Defendant failed to respond to plaintiff's phone calls and registered letters and, as a consequence, plaintiff, appearing pro se, commenced a small claims action seeking damages of $500.00. After hearing, the trial court found liability on the part of the defendant. However, finding that plaintiff failed to bear his burden of proving damages, the court dismissed the complaint. Plaintiff has appealed that dismissal.

We note at the outset that the small claims procedure is intended to provide a simple, informal and inexpensive method for the determination of disputes. 12 V.S.A. § 5531; D.C.C.R. 80.3(a). Litigants are encouraged to appear pro se, 12 V.S.A. § 5536, and since a great majority of them are untrained in the law, the proceedings are to be as simple and untechnical as possible. See *Small Claims Court in Vermont: How to Use It* at 1 (Office of the Court Admin., pamphlet 1981). Pursuant to rules promulgated to effect this purpose, the court is to conduct hearings in a summary manner, and the judge is to conduct the examination of the witnesses. D.C.C.R. 80.3(g).

The trial court's finding that the defendant was liable for breach of contract, due to defective construction, is amply supported by the record. However, the record also indicates that although the court briefly questioned plaintiff as to his claimed damage figure of $500.00, it failed to allow plaintiff to elaborate on the basis for this cost estimate. The court failed to advise plaintiff of the commonly used procedures for proving damages, that is, through the use of written estimates or expert testimony, or to examine him in such a way as to

facilitate this proof. Moreover, it appears that plaintiff was additionally stymied by the repeated objections of defense counsel, the meaning of which were never explained to plaintiff.

■ The measure of damages, in cases where the contractor breaches the contract by defective construction, is the reasonable cost of reconstruction and completion in accordance with the contract. *VanVelsor* v. *Dzewaltowski*, 136 Vt. 103, 105, 385 A.2d 1102, 1104 (1978). Enough appears on the record to satisfy us that plaintiff may well have a meritorious case as to damages, if given a full and fair opportunity to present competent evidence on this issue. In fairness, we think he should be given such an opportunity. That this Court has the power in our discretion to remand a cause to prevent a failure of justice is beyond question, and it has been our practice to do so where the circumstances warrant. *Vahlteich* v. *Knott*, 139 Vt. 588, 591, 433 A.2d 287, 289 (1981); *Town of Shelburne* v. *Kaelin*, 136 Vt. 248, 252, 388 A.2d 398, 400 (1978); *Richardson* v. *Persons*, 116 Vt. 413, 417, 77 A.2d 842, 844 (1951).

■ We have recently stated that we will not "permit unfair imposition or unconscionable advantage to be taken of one who acts as his own attorney." *Vahlteich* v. *Knott, supra,* 139 Vt. at 590, 433 A.2d at 288 (quoting *State Highway Board* v. *Sharrow*, 125 Vt. 163, 164, 212 A.2d 72, 73 (1965)). This should be especially true in small claims actions where self-representation is encouraged.

■ In this case, we find that plaintiff was so disadvantaged, for all the reasons cited above. We therefore hold that, in order that no injustice be done, the cause must be remanded for further hearing on plaintiff's damage claim. Plaintiff shall be permitted to present testimony or documentary evidence by those qualified to estimate the cost of repair and reconstruction. The defendant likewise shall have an opportunity to meet this issue by competent evidence of his own. *Town of Shelburne* v. *Kaelin, supra,* 136 Vt. at 252, 388 A.2d at 400. In keeping with its heightened responsibilities in small claims actions, and especially where litigants appearing pro se are opposed by represented parties, the trial court on remand

should conduct the hearing in a manner best able to facilitate the presentation of such proof.

*Affirmed as to liability, reversed as to damages, and remanded for hearing.*