### Stephen J. Brandon v. Henry and Sheila Richmond

[481 A.2d 16]

No. 82-571

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 15, 1984

*Stephen J. Brandon,* pro se, Bennington, Plaintiff-Appellee.

*Henry and Sheila Richmond,* pro se, Bennington, Defendants-Appellants.

**Peck, J.** This is an appeal by defendants from a judgment of the district court sitting as a small claims court under 12 V.S.A., Chapter 187. Both sides appeared pro se. We reverse and remand.

Defendants raise several questions for our consideration. However, we do not reach these issues since the procedure followed by the court below is fatally flawed.

Briefly stated, the facts appear to be as follows. Defendants and plaintiff executed a lease agreement on July 30, 1982, under which defendants as lessors leased residential property to plaintiff for a term of twelve months to commence on September 1, 1982, and to terminate on August 31, 1983.

Under the provisions of this lease, the plaintiff was required to deposit $450 with defendants upon execution of the lease as a security deposit to be applied, upon plaintiff's removal from the premises, against any unpaid rent, damage to the premises, and unpaid utilities, if any. This deposit was paid, and became the subject of the controversy that culminated in this action, brought by plaintiff to recover the deposit. Plaintiff never entered into occupancy of the rental property; he claimed that defendants failed to complete certain repairs and renovations, at least in a timely manner, as they had agreed to do. Defendants' answer, in the form of a letter to the court, challenged most of the essential allegations in the complaint.

This Court has recognized that in small claims proceedings the parties are encouraged to appear pro se, *Ferris-Prabhu* v. *Dave & Son, Inc.,* 142 Vt. 479, 480, 457 A.2d 631, 632

(1983); 12 V.S.A. § 5536, and that the procedure "is intended to provide a simple, informal and inexpensive method for the determination of disputes." *Ferris-Prabhu* v. *Dave & Son, Inc., supra;* 12 V.S.A. § 5531; D.C.C.R. 80.3(a).

Notwithstanding the need for simplicity and informality in small claims proceedings, particularly in those cases where the parties or either of them appear pro se, form cannot be disregarded entirely. In the matter before us, the written lease that underlies the entire case, and on which some of the court's findings are based, was never marked, offered or received into evidence as an exhibit, although a copy was attached to the plaintiff's complaint. The parties themselves, being untrained in the law, cannot be expected to know the requirements for the admission of documentary evidence. Given the heightened responsibilities of the trial court in small claims actions, *Ferris-Prabhu* v. *Dave & Son, Inc., supra,* at 481, 457 A.2d at 633, and the obvious evidentiary importance of the written lease, it was incumbent upon the court to insure that the parties, or either of them, had the opportunity to at least offer the document if they desired to do so. As it is here, several of the findings, which are based on the lease and the court's interpretation of its provisions, are unsupported by the evidence. Findings of fact must be supported by the evidence. *Jensen* v. *Jensen,* 139 Vt. 551, 553, 433 A.2d 258, 260 (1981).

As far as we can tell from the record before us, the evidence in favor of the plaintiff was not so overwhelming that the procedure followed below can be called harmless as a matter of law. Accordingly, we think that in fairness, and to prevent a possible failure of justice, the cause must be remanded for a new hearing. *Ferris-Prabhu* v. *Dave & Son, Inc., supra.*

*Reversed and remanded.*