## Olde & Company, Inc. v. Danny David Boudreau

[552 A.2d 793]

No. 87-275

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed August 26, 1988

*Barbara O'Connor*, St. Albans, for Plaintiff-Appellee.

*Michael Rose*, St. Albans, for Defendant-Appellant.

**Gibson, J.** Plaintiff, a stock brokerage firm, sued defendant for failure to pay for securities purchased on his behalf. The trial court awarded plaintiff the balance due after it resold the securities at a loss, and, after a post-judgment motion under V.R.C.P.

60(b)(6), awarded attorney's fees. We affirm the damage award but reverse the grant of attorney's fees.

■ The only issues raised on appeal concern the trial court's obligations to defendant as a pro se litigant and the award of attorney's fees. Defendant first contends that the trial court failed to assist him "in developing the facts to substantiate the defense and to make findings with regard thereto." Defendant cites plaintiff"'s duty to mitigate damages as an issue on which the court should have offered affirmative help. Defendant admits that the judge asked many questions, but complains that the judge did not inquire about what the stock price was on the date payment was due and could have been sold, and whether defendant was aware of the stocks declining value.

While these might well have been significant areas of inquiry, it was defendant's duty to raise them, not the court's. Defendant carries the message of *Ferris-Prabhu* v. *Dave & Son, Inc.,* 142 Vt. 479, 457 A.2d 631 (1983), far beyond its intended bounds. In that case, this Court concluded that where it was clear that a small claims court litigant was unfamiliar with court procedures and terminology and the court failed to allow him sufficient latitude to establish damages, after proving liability, the matter must be remanded for further hearing.

The present case differs significantly. As the court stated in *Ferris-Prabhu,* litigants are encouraged to represent themselves in small claims court, and the court must conduct such proceedings in as simple and untechnical a manner as possible. *Id.* at 480, 457 A.2d at 632. In *Ferris-Prabhu,* which was a small claims proceeding, the court limited plaintiff's presentation of evidence on damages. In the present matter, defendant argues that the trial judge, who did not attempt to limit defendant's presentation, should have asked those questions which defendant neglected to ask. But it was not the court's responsibility to adduce facts to support defendant's theory of mitigation. See *Lectro Management, Inc.* v. *Freeman, Everett & Co.,* 137 Vt. 113, 114, 400 A.2d 986, 986-87 (1979) (burden of showing possibility of mitigation of damages is on the party asserting it); V.R.C.P. 8(c) (party shall affirmatively set forth and establish any matter constituting an avoidance or affirmative defense). Rather, it was the court's responsibility to insure that there was no " 'unfair imposition or unconscionable advantage . . . taken of one who acts as his own attorney.' " *Vahlteich* v. *Knott,* 139 Vt. 588, 590, 433 A.2d 287, 288

(1981) (quoting *State Highway Board* v. *Sharrow,* 125 Vt. 163, 164, 212 A.2d 72, 73 (1965)). Defendant makes no claim of unfairness or that unconscionable advantage was taken of him. Indeed, the record discloses that the proceedings were eminently fair and that defendant was given full opportunity to present his evidence.

Without commenting on the merits of the defense, we note that the answer to the complaint makes abundantly clear that defendant was aware of the facts needed to advance his case on mitigation:

> 3. On paragraph 7 [of the complaint] it states SEC regulations require any transaction not paid for within seven business days to be liquidated. The fact is the plaintiff waited 14 business days, an apparent violation of SEC rules. I would like to point out that over 75% of the plaintiff's loss came about in those last 7 business days.

Having thus presented the issue, defendant cannot look to the court to insure the completeness of his presentation. The trial judge went as far as diligence mandated and somewhat further. Defendant's argument is without foundation.

■ Defendant next argues that the court should not have allowed an award of attorney's fees on plaintiff's post-judgment motion under V.R.C.P. 60(b)(6), having disallowed the award during trial. While it appears from the record that the court was on sound ground in denying the award during trial for want of evidence, *Fine Foods, Inc.* v. *Dahlin,* 147 Vt. 599, 605-06, 523 A.2d 1228, 1232 (1986), we need not reach that issue, since there was no proper basis for granting post-judgment relief.

V.R.C.P 60(b)(6) states as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6) may be invoked only when a ground justifying relief is not encompassed within any of the first five subsections of the rule. *Alexander* v. *Dupuis,* 140 Vt. 122, 124, 435 A.2d 693, 694 (1981). In its post-judgment motion, plaintiff candidly states that it did not "produce evidence with regard to the amount and rea-

sonableness of the fee and this error was not harmless to Plaintiff." Thus, plaintiff might have moved under V.R.C.P. 60(b)(1) on the basis of mistake or inadvertence, but such a motion would have barred the application of Rule 60(b)(6). Further, had plaintiff moved under Rule 60(b)(1), the mere failure to present evidence would not have provided a basis for relief from judgment. *Okemo Mountain, Inc.* v. *Okemo Trailside Condominiums, Inc.,* 139 Vt. 433, 436, 431 A.2d 457, 459 (1981).

Plaintiff's apparent belief that Rule 60(b)(6) offers an open invitation to reconsider matters concluded at trial, subject only to the court's discretion, is misplaced. Courts should not hesitate to apply V.R.C.P. 60(b)(6) liberally to prevent hardship or injustice. *Cliche* v. *Cliche,* 143 Vt. 301, 306, 466 A.2d 314, 316 (1983) (unconscionable stipulation as basis for court order). But beyond such instances, the rule should only be applied in "extraordinary circumstances." *Liljeberg* v. *Health Services Acquisition Corp.,* 486 U.S. 847, 864, 108 S. Ct. 2194, 2204 (1988) (citing *Ackermann* v. *United States,* 340 U.S. 193 (1950)). Plaintiff related neither hardship nor injustice in its motion below, and the circumstances of its failure to present evidence on the issue of attorney's fees are not claimed to be extraordinary.

*Judgment affirmed as to the award of damages. The order awarding attorney's fees is vacated.*