Trudo v. Grandview Acres Condo Assoc., No. 1211-04 CnC  (Norton, J., Dec. 10, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

MICHAEL TRUDO and MARK LETOURNEAU

v.

GRANDVIEW ACRES CONDO ASSOCIATION

ENTRY

The defendant, Grandview Acres Condo Association, appeals a small claims court decision granting $3,560 to the plaintiffs, unit owners at Grandview Acres Condominiums. The plaintiffs, Michael Trudo and Mark Letourneau, brought this action to recover the costs of replacing defective windows in their condominium. The small claims court determined that windows, under the condominium declaration, were common areas, and therefore the Condo Association was responsible for their maintenance. Although this court agrees with, and the Condo Association does not contest, the small claims court's interpretation of the declaration, the court disagrees that the Condo Association is automatically responsible for the cost of repair to windows simply because they are common areas. Therefore, the court reverses and remands.

Within months of moving into their condominium unit at Grandview Acres, the plaintiffs discovered stains on the carpeting and a moldy odor. The plaintiffs contacted Condo Association representatives, who visited the unit and noticed a moisture problem. The Condo Association representatives suggested that the plaintiffs test the unit and gave Mr. Letourneau a phone number for Clay Point Associates, Inc., in Williston, Vermont.

The plaintiffs hired Clay Point to inspect the unit. Clay Point issued a report detailing moisture problems and recommending repairs, including window replacement. Clay Point charged the plaintiffs $635 for its services. Following Clay Point's report, the plaintiffs installed new windows, and the moisture problem has since disappeared. Mr. Letourneau testified that it cost $2,900 to replace the windows. Based on these expenses, the small claims court awarded the plaintiffs $3,560 in damages (the cost of Clay Point's services and the window replacement, plus a $60 filing fee).

The Condo Association does not contest the small claims court's holding that, according to the declaration, "windows" at Grandview Acres Condominiums are common areas.[1] The Condo Association argues, however, that the small claims court erred by holding it responsible for the plaintiffs' repairs when the plaintiffs were not permitted to repair or improve common areas without permission from the Condo Association Board of Directors.

On appeal of a small claims court decision, this court's standard of review is one of high deference. The court is limited to questions of law, Vt. R. Small Claims P. 10(d), and must be mindful that small claims court exists "to secure the simple, informal, and inexpensive disposition" of claims, Vt. R. Small Claims P. 1. Small claims court findings "must be construed, where possible, to support the judgment" and the procedural informality of small claims does not authorize an appellate court to make its own substantive findings. Kopelman v. Schwag, 145 Vt. 212, 214 (1984). Small claims court

---

[1]The Condo Association argued at the small claims court hearing that it was not responsible because Article XIII, section 2, of the Grandview Acres bylaws stated that "[e]ach Unit Owner shall be responsible for the proper maintenance and repair of his Unit, including, without limitation, the maintenance, repair and replacement of . . . windows." The small claims court held that the condominium declaration trumped this language because it defined windows as common areas.

On appeal, the Condo Association does not contest this holding, and in any event, the court agrees that a declaration's definition of common areas supercedes inconsistent definitions of common areas in the bylaws. See 27 V.S.A. § 1311(4) (providing that declaration shall contain description of common areas). The Grandview Acres bylaws, in Article XIII, section 1, state that the Board of Directors "shall be responsible for the maintenance, repair and replacement of the Common Areas." By stating that the unit owner is responsible for the maintenance of windows, the bylaws necessarily define windows as something other than common areas, because otherwise the Board would be responsible for their maintenance. But the

findings, however, must be supported by the evidence. Brandon v. Richmond, 144 Vt. 496, 498 (1984).

The relative rights and responsibilities of condominium unit owners and condominium associations are governed by the Condominium Ownership Act, 27 V.S.A. §§ 1301–1365. According to the Act, the "administration of every property shall be governed by bylaws," § 1318, and each unit owner "shall comply strictly with the bylaws," § 1307. Among other provisions, bylaws may provide for "[m]aintenance, repair and replacement of the common areas and facilities and payments therefor, including the method of approving payment vouchers." § 1319(a)(6).

Pursuant to § 1319(a)(6), Article XIII, section 1, of Grandview Acres's bylaws provide that the Condo Association Board of Directors is "responsible for the maintenance, repair and replacement of the Common Areas and Facilities." The bylaws also state at Article XIII, section 3, "The method of approving payment vouchers for all repairs and replacements for the Common Areas and Facilities shall be determined by the Board of Directors." Furthermore, § 7.01 of the declaration states that "[a]ny portion of the Common Areas and Facilities which is damaged or destroyed shall be promptly repaired or replaced by the Association of Unit Owners."

Here, the record does not contain any evidence regarding the method of approving payment vouchers by the Condo Association Board of Directors or whether the plaintiffs followed such a method. Therefore, the small claims court finding that the Condo Association was liable for the plaintiffs' repairs is not supported by the evidence. The only applicable facts on record are from Mr. Letourneau's testimony that Condo Association representatives recommended testing and gave him the phone number for Clay Point. Mr. Letourneau then testified that Mr. Trudo and he called Clay Point, obtained a report, and "went ahead with Clay Point's suggestion" that they replace the windows. The court cannot find in the record any evidence demonstrating that such actions comply with Condo Association methods to approve repairs to common areas. It may well be that by recommending that the plaintiffs test the unit for moisture problems, the Condo Association granted permission for them to undergo recommended repairs. But the court cannot determine on this record whether the Condo Association's recommendation that the plaintiffs contact Clay Point was consistent with the Board's

declaration's definition of windows as common areas supercedes the bylaw's definition.

3

"method of approving pay vouchers" for the plaintiffs' subsequent repairs, in accordance with Article XIII, section 3, of the Grandview Acres bylaws. Furthermore, the court cannot determine on this record whether the Board's actions constitute prompt repair, as § 7.01 of the declaration requires. Therefore, the court remands for further findings by the small claims court.

ORDER

For the foregoing reasons, the small claims court judgment is REVERSED and REMANDED for findings consistent with this entry.

Dated at Burlington, Vermont, December 10, 2004.

_____/s/_____
Richard W. Norton     Judge