Morneau v. Theodore, No. 494-7-09 Rdcv (Cohen, J., Feb. 16, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| **STEVE MORNEAU,** | ) | **Rutland Superior Court** |
| | ) | **Docket No. 494-7-09 Rdcv** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES T. THEODORE** | ) | |
| | ) | |
| **Defendant** | ) | |

### DECISION ON SMALL CLAIMS APPEAL, FILED JULY 7, 2009

Steve Morneau appeals the decision of the Small Claims Court awarding James T. Theodore $2,464 in attorney's fees and $25 for his counterclaim filing fee. Appellant Steve Morneau is represented by Antonin Robbason, Esq. Appellee James T. Theodore is represented by Michelle A. Kenny, Esq.

### BACKGROUND

Steve Morneau rented a house from James Theodore in Clarendon, Vermont, in August 2008. Upon moving in, Mr. Morneau and his family discovered mold. Less than one month later the Morneaus decided to move out. In satisfaction of the rent, Mr. Theodore withheld 28 pro-rated days of rent at $40 a day from the $1200 security deposit.

Mr. Morneau brought an action for breach of the warranty of habitability, seeking return of his full deposit, rent, moving expenses and court fees. Mr. Theodore brought a counterclaim, alleging that Mr. Morneau brought his claim in bad faith and Mr. Theodore was entitled to attorney's fees and costs based upon the bad faith and the parties' lease agreement.

The Small Claims Court found that the house was habitable. Thus, there was no breach of the warranty of habitability. The Court also denied Mr. Theodore's counterclaim for bad faith. However, it did award him attorney's fees of $2,464 and costs of $25 in accordance with the parties' contract.

On appeal, Mr. Morneau argues that the Small Claims Court erred in awarding attorney's fees because Mr. Theodore was not a prevailing party, the attorney's fees provision relied on by the Court was not in the contract at issue, and enforcement of the attorney's fees provision would be unconscionable.

## DISCUSSION

On appeal of a small claims court decision, this Court's standard of review is one of high deference. The Court is limited to questions of law, V.R.S.C.P. 10(d), and must be mindful that small claims court exists "to secure the simple, informal, and inexpensive disposition" of claims. V.R.S.C.P. 1. Small claims court findings "must be construed, where possible, to support the judgment" and the procedural informality of small claims does not authorize an appellate court to make its own substantive findings. *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). Small claims court findings, however, must be supported by the evidence. *Brandon v. Richmond*, 144 Vt. 496, 498 (1984).

Absent ambiguity, contract interpretation is a matter of law. *Morrisseau v. Fayette,* 164 Vt. 358, 366 (1995). Whether a contract is ambiguous is also a question of law. *Isbrandtsen v. North Branch Corp.,* 150 Vt. 575, 577 (1988).

Here, the parties entered into two agreements. The "Residential Rental Agreement" set forth the deposit and monthly rent, as well terms regarding trash removal, heating oil, appliances, rules and regulations, and termination of the lease. The lease was

month to month. The "Rent Payment Policy" contained terms specific to the payment of rent. It included the following clauses:

> If rent is still not paid in full by the 10th of the month, including any and all late fees, then you will be mailed a <u>Termination of Tenancy Notice for Nonpayment of Rent</u>.
>
> This notice will state that your tenancy will be terminated in 14 days from the date of notice if all rent arrearages are not paid by that date. Under 9 V.S.A. ss 4467(a) A tenant may not defeat this notice of payment of arrearages more than three times in 12 months. Acceptance of partial payment of rent shall not constitute a waiver of the landlord's remedies for nonpayment of rent. Landlord shall be entitled to recover from tenant reasonable fees, whether or not a lawsuit has begun, including, but not limited to, attorney's fees, sheriff's fees, court costs, postage, together with any other damage or any other costs actually incurred.

The Rent Payment Policy was unambiguous. The attorney's fees clause only pertained to recovery for non-payment of rent, for which there was no counterclaim. The clause was inapplicable to Mr. Theodore's defense for breach of the warranty of habitability and his counterclaim for bad faith (for which he did not prevail).

Furthermore, application of the attorney's fees clause to any action regarding both the Rental Agreement and Rent Payment Policy would essentially dissuade tenants from bringing suit for breach of the warranty of habitability—a tenant could potentially owe thousands of dollars in attorney's fees if he or she does not prevail in small claims court.

## ORDER

The decision of the Small Claims Court, issued June 10, 2009, is REVERSED. Steve Morneau shall owe no attorney's fees or costs.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge

3