Kinni Kinnic Vill., Inc. v. Saltis, No. 894-11-09 Rdcv (Cohen, J., Apr. 6, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

| | | |
|---|---|---|
| **KINNI KINNIC VILLAGE, INC.,** | ) | **Rutland Superior Court** |
| **d/b/a KINNI KINNIC ASSOCIATION,** | ) | **Docket No. 894-11-09 Rdcv** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GEORGE M. SALTIS, SR.,** | ) | |
| **and DIANE SALTIS,** | ) | |
| | ) | |
| **Defendants** | ) | |

## DECISION ON SMALL CLAIMS APPEAL, FILED NOVEMBER 30, 2009

Plaintiff Kinni Kinnic Village, Inc. (the Association) appeals from the decision of the Small Claims Court, in which it found in favor of the defendants George and Diane Saltis. This case arises out of the Saltises' placement of a boat lift in Lake St. Catherine, off of the dock of the Association at the common beach area, in violation of the Association's rules and regulations. The Association is represented by Tracee Oakman Rupe, Esq. George and Diane Saltis are represented by Christopher H. Howe, Esq.

## BACKGROUND

Kinni Kinnic Village, Inc., d/b/a Kinni Kinnic Association is a condominium development near the shore of Lake St. Catherine. It consists of twenty-two individually owned lots, together with an undivided interest in the common area consisting of the beach on the shore, the tennis courts, and private roads throughout the subdivision. The Association also has a dock on the lake, which its members may use for a yearly fee. George and Catherine Saltis are the owners of two lots and are members of the Association.

The By-Laws of the Association were enacted in July 1983. Since then, there have been multiple official amendments to the Declaration of Covenants and Bylaws and Rules and Regulations adopted by the Association.

According to § 2.20 of the rules, the annual dock usage fee is $150 and is due it at the time of the annual association dues. Section 2.24 sets forth boat lift restrictions at the common beach area, including: (1) no personal boat lift equipment shall be utilized at the Association common beach; and (2) permission granted to members in 2002 to install boat lifts in two slips is revoked.

Section 2.25 sets forth a boat slip agreement which every member of the Association is required to sign if he or she chose to use the boat slips in the dock. It states that "[a]ll powered water craft must be properly moored or stored within one of the 8 boat slips provided at the common beach front." The agreement further sets forth that non-compliance with the regulations results in the Board issuing a notice of non-compliance and that the Board requires compliance within 5 days from notification of violation. Continued failure to comply after the 5 days results in a $20 fine per day for each day of non-compliance.

In 2005, the Saltises placed a boat lift in a slip and a second boat lift outside of a slip, at the end of the dock. In 2006, the Association Board voted to revoke the use of boat lifts for powered water craft at the common beach area. The Saltises continued to maintain one boat in the boat slip, which they paid for, and a second lift for jet skis outside of a slip, at the end of the dock, which they did not pay for.

In January 2006 the Saltises received a bill for the dues on their two lots and a notice for boat slips. The Association sent the two-page Boat Slip Agreement to its

membership, setting forth the rules and regulations of the dock and common beach area. A copy of the agreement was to be signed and returned with the $150 dock fee if a member chose to use the dock.

In January 2006, the Saltises sent a check for $550 to the Association for their dues and the dues for one boat slip. The check was returned by the Association treasurer, who requested two separate checks for association dues and slip dues by February. The Saltises then sent two separate checks. However, they also returned the boat slip agreement with certain sections crossed out and marked up with additional language. Specifically, the Saltises crossed out the sentence requiring that all motorized craft be stored in a slip. They also crossed out the whole section regarding penalties for non-compliance with the rules and regulations. The Board refused to accept payment for the boat slip and requested an unmarked boat slip agreement, along with two checks for dues and for payment of the boat slip.

The Saltises did not comply with the Board's request. On July 13, 2006, the Board sent the Saltises a notice of non-compliance, stating that they were in violation of the rules by (1) placing a boat lift at the common beach area in violation of Rule 2.24; (2) using the dock without signing the boat slip agreement form and without paying the dock usage fee; (3) maintaining a boat at the common beach area other than in a boat slip; and (4) use of the common land when association dues had not been paid. The Board requested that the Saltises remove the boat lift from the common beach area, and sign the boat slip agreement and send payment. A hearing was set for July 22nd. The notice also stated that a finding of non-compliance with Rule 2.24 by the Board would result in a fine of $20 a day for each day of non-compliance, commencing the day after the hearing.

The hearing was held with the Saltises present. Again, the Board requested that the Saltises remove the boat lift, sign the agreement, and pay their dues. The Saltises continued to maintain their boat in the boat lift through October 2006, even after the dock had been removed for the year. On July 23rd, the Board began assessing fines against the Saltises for violations of the rules and regulations. These fines continued through October 7th.

The Association brought the instant action to recover dues, assessments, fines, and attorney's fees. On November 2, 2009, the Small Claims Court issued its Opinion and Decision, finding in favor of the Saltises. The Associations now appeals from that decision.

## DISCUSSION

On appeal of a small claims court decision, this Court's standard of review is one of high deference. The Court is limited to questions of law, V.R.S.C.P. 10(d), and must be mindful that small claims court exists "to secure the simple, informal, and inexpensive disposition" of claims. V.R.S.C.P. 1. Small claims court findings "must be construed, where possible, to support the judgment" and the procedural informality of small claims does not authorize an appellate court to make its own substantive findings. *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). Small claims court findings, however, must be supported by the evidence. *Brandon v. Richmond*, 144 Vt. 496, 498 (1984).

The court found that the Association's dock was 52 feet long and thus required a permit under 29 V.S.A. § 403(b)(1)(A), which sets forth a permit exception for docks that do not exceed 50 feet. The court also found that the Saltises' boat lift was placed at the end of the dock, beyond 50 feet. The court held that the Association's rules and

4

regulations pertaining to the dock and boat slips could not be legally enforced beyond the 50 foot portion of its dock.

The length of the Association's dock is not determinative for the purposes of this case. The Vermont Public Trust Doctrine is inapplicable here and does not limit the ability of a condominium association to regulate the conduct of its members at the common beach area.

Here, the parties' actions are governed by the Declaration of Covenants and Bylaws and Rules and Regulations—a private agreement entered into by all lot owners at Kinni Kinnic Village. The Vermont Common Interest Ownership Act provides that an association has the power to adopt and amend bylaws and rules and regulations, to regulate the use of common elements, and to impose reasonable fines for violations of the declaration, bylaws and rules and regulations of the association. 27A § 3-102(a). The Court understands the Saltises primarily to be challenging the wisdom of the Board's decision to adopt and enforce § 2.24 of the rules and regulations as it has.

Vermont cases have not set out the applicable legal standard regarding a board's decision to enforce the association's rules. Several out-of-state cases, however, have proceeded by applying a deferential standard of review to a board's actions analogous to the business-judgment rule of corporate law. See *Levandusky v. One Fifth Avenue Apartment Corp.*, 553 N.E.2d 1317, 1320-23 (N.Y. 1990) (exhaustively analyzing and then adopting the business-judgment rule in this context). "Generally, courts will uphold decisions made by the governing board of an owners association as long as they represent good-faith efforts to further the purposes of the common interest development, are consistent with the development's governing documents, and comply with public policy."

*Riverside Park Condominiums Unit Owners Association v. Lucas*, 691 N.W.2d 862, 871 (N.D. 2005).

Substantially for the reasons set forth in *Levandusky*, the Court adopts the business-judgment rule for use in this context. This prevents the Court from being put in the undesirable position of attempting to second-guess board decisions on the issues affecting the association generally and its members personally.

Here, the Association provided undisputed evidence that the Saltises violated § 2.24 by placing a boat lift at the end of the Association's dock at the common beach area, placing a motorized water craft in the lift, and refusing to remove it. Furthermore, it is undisputed that the Saltises did not properly pay their dock fees for their boat slip because they refused to sign the boat slip agreement along with it.

Thus, the Board was justified in levying fines against the Saltises pursuant to the rules and regulations and the boat slip agreement. The Association is entitled to collect these fines. Also, the Association shall be entitled to an award of costs and reasonable attorney fees incurred in attempting to collect these fines. See 27A V.S.A. § 3-116(g).

## ORDER

For the foregoing reasons, the matter is REVERSED and REMANDED for a determination by the Small Claim Court solely as to the issues of:

(1) The amount of fines incurred by George and Diane Saltis in 2006; and

(2) The costs and reasonable attorney fees incurred by Kinni Kinnic Village in attempting to collect those fines.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge

6