Heindel & Noyes, Inc. v. Tilly, No. S0360-11 CnC (Tomasi, J., Sept. 14, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. S0360-11 CnC

|  |  |
|---|---|
| Heindel & Noyes, Inc., | ) |
| | ) |
| Plaintiff/Appellant, | ) |
| v. | ) |
| | ) |
| David Tilly, | ) |
| | ) |
| Defendant/Appellee. | ) |

### Ruling on Small Claims Court Appeal

Plaintiff/Appellant Heindel & Noyes, Inc. (H&N) appeals from a judgment entered in its favor and against Defendant/Appellee David Tilly. The dispute arises out of certain engineering services provided by H&N to Tilly in connection with the development of a subdivision in Mt. Holley, Vermont. H&N claimed that Tilly owed it $2.916.75 for the work it performed. Those amounts are reflected on three invoices submitted by H&N to Tilly. Tilly argued that the sums were not owed, that the amounts included work performed concerning a parcel that was not actually within the proper scope of work, and that responsibility for the erroneously performed work should be placed with H&N. The Small Claims Court awarded judgment to H&N for the full sum it sought as damages, $2,916.75, plus court costs of $78.75.

In the instant appeal, which required the expenditure of another $105.00 in court costs, H&N claims that that the Small Claims Court erred in

not awarding it interest and/or penalties and attorneys' fees as is provided for under the Prompt Payment Act. 9 V.S.A. § 4002-4009. Tilly disagrees and asserts that the Court specifically chose not to award such relief based on the equities of the case. For the following reasons, the Court concludes that Vermont law requires H&N to receive additional relief.

**Standard of Review**

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims procedure." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the Small Claims Court has applied the correct law, this Court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2,* 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The Court's review of the Small Claims Court's legal conclusions, however, is "non-deferential and plenary." *Maciejko,* 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

**Analysis**

On appeal, H&N claims that, based on the judgment in its favor, it is legally entitled to receive penalties for late payments on invoices, interest on the unpaid invoices, and attorneys' fees. For reasons described below, the

2

Court agrees that H&N is entitled to reasonable attorneys' fees and interest, but disagrees that it is entitled to penalties.

First, the Prompt Pay Act (the "Act") requires that attorneys' fees be awarded to the "substantially prevailing party." The court does retain discretion to determine which, if any, party is the substantially prevailing party in any given case. Here, the Small Claims Court did not specifically address whether H&N was the substantially prevailing party. Given that the Small Claims Court awarded H&N the full amount of the actual damages that it sought in bringing the suit, the Court determines that it substantially prevailed in this case. Any other determination would not be supported by the terms of the judgment.

Tilly correctly notes that the Small Claims Court chose not to award fees and interest based on its conclusion that some of the blame for the dispute between the parties rested with H&N. Nonetheless, there is often merit on both sides of civil cases. That H&N may have contributed to cause the underlying conflict does not change the fact that it fully prevailed in its substantive claim for relief. Under such circumstances, the Prompt Pay Act requires that H&N be awarded its reasonable attorneys' fees.

As the Small Claims Court did not consider the reasonableness of the attorneys' fees claimed by H&N, a remand typically would be required for consideration of that issue. In this case, however, a remand is not required. At trial, H&N submitted documentation supporting its claim for attorneys'

3

fees in the amount of $1,395. During the argument on appeal, Tilly conceded that, were the Court to award fees, he had no basis to contest and did not request a hearing to determine the reasonableness of the $1,300 sought by H&N. Accordingly, the Court awards H&N $1,395 in attorneys' fees.

Second, for similar reasons, the Small Claims' Court's failure to award interest cannot be sustained. Under Vermont law prejudgment "'interest is awarded as of right when the principal sum recovered is liquidated or capable of ready ascertainment and may be awarded in the court's discretion for other forms of damage.'" *Windsor Sch. Dist. v. State,* 2008 VT 27, ¶30, 183 Vt. 452, 469 (quoting *Newport Sand & Gravel Co. v. Miller Concrete Constr., Inc.,* 159 Vt. 66, 71 (1992)). In this instance, the parties disputed the sums owed under the invoices, and there is a serious question whether that dispute fatally undermines H&N's request for interest as a matter of general law. *Windsor Sch. Dist.,* 2008 VT 27, ¶31, 183 Vt. at 469 (dispute as to amount owed can defeat claim to mandatory interest).

The Court need not address that issue, however, because H&N's principal claim for interest is not based on general principles of Vermont law but on the terms of the contract between the parties. The instant contract provided that interest on the unpaid portions of invoiced amounts would accrue at the rate of 1.5% per month. H&N has calculated the interest due on the three invoices at issue to be $886.85. Tilly has not disputed those calculations. Accordingly, since H&N prevailed on its claim for the principal

4

amounts owed under both invoices, H&N was entitled to interest in the amount of $886.85 on its claims.

Finally, H&N seeks penalties of 1% per month under the Prompt Pay Act. The Act requires that statutory penalties be imposed to the extent an owner's failure to make prompt payment to a contractor was not based on a good faith dispute concerning the amounts owed. 9 V.S.A. § 4007(b). Further, to the extent an owner withholds payment based on a good faith dispute, the amount withheld must bear a "reasonable relation" to the sums that are in dispute. *Id.* While the Small Claims Court's findings were not detailed, it is evident that it concluded that Tilly had a good faith dispute with H&N regarding the amounts claimed and that Tilly did not withhold funds beyond those that were disputed. The Court concludes those determinations are appropriate and supported by the record.

H&N asserts that Tilly is not entitled to rely upon that good faith dispute because he did not contest the accuracy of the underlying invoices in writing within ten days of receipt as required by 9 V.S.A. § 4004. Tilly contends that he made an oral protest to H&N concerning the invoices but did not contest them in writing. The Court concludes that Section 4004 does not prohibit an owner from contesting the merits of an invoice under the circumstances presented in this case. Section 4004, though broadly worded, is directed principally at "errors in documentation." Here, Tilly made no claim that the invoices were defective or deficient. Instead, he contested the

5

validity of the amounts charged as a substantive matter. In addition, H&N did not dispute that Tilly informed H&N's representative of his position regarding the disputed charges. Section 4004 should not be interpreted to preclude an owner from contesting invoiced amounts under such facts.

## Conclusion

Based on the foregoing, the judgment of the Small Claims Court is affirmed in part and reversed in part. H&N is awarded the following relief:

1.      Damages based on the disputed invoices in the amount of $2,916.75.

2.      Contract-based  pre-judgment interest in the amount of $886.85.

3.      Attorneys' fees in the amount of $1,395.

4.      Court costs in the amount of $183.75.

Dated at Burlington, Vermont this ____ day of September, 2011.


------------------------------
Timothy B. Tomasi
Superior Court Judge

6