*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2019-302

FEBRUARY TERM, 2020

| | |
|---|---|
| Patrick Elmore & Kimberly A. Elmore v. Rhianna Pratt* and Zachary Smith | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 123-4-19 Wmcv |
| | |
| | Trial Judge: Robert P. Gerety, Jr. |

In the above-entitled cause, the Clerk will enter:

Tenant appeals the civil division's judgment awarding her $0 in damages for her counterclaim for breach of the warranty of habitability in this ejectment action. We affirm.

Landlords Patrick and Kimberly Elmore filed this eviction action in April 2019 alleging that tenants Rhianna Pratt and Zachary Smith had failed to pay rent since December 2018 and owed back rent of $2160. In their answer, tenants admitted that they had not paid the rent. However, they claimed that landlords had violated the warranty of habitability and sought compensatory damages.[1]

The court held a final hearing on July 12, 2019. The parties appeared pro se. At the beginning of the hearing, tenants agreed that landlords were entitled to possession because tenants had vacated the apartment and found new housing. They also agreed that they had not paid rent from December 2018 to April 2019. Tenants testified that the apartment had mold and a mice infestation and that they notified landlords of these problems but landlords failed to address them. They did not present an estimate of their damages or any specific evidence of losses they suffered as a result of the habitability issues, despite being prompted by the court. The court asked if there were any other problems with the apartment. Tenant Pratt testified that a few years before, she had fallen on defective stairs on the premises and injured her ankle. The court asked her if she had medical expenses related to her injury. Pratt replied that she did but had not brought those materials with her. The court asked, "so you're not claiming damages for that today?" and Pratt replied, "[n]ot today."

The court found that the amount of back rent owed was $2160. It found that landlords had breached the warranty of habitability and that the premises were uninhabitable due to mold and mice and it found that tenants had not presented any evidence of damages resulting from these issues. The court concluded that as compensation for landlords' failure to provide habitable premises, tenants

---

[1] Tenants also asserted that landlords were retaliating against them for complaining to local authorities about the condition of the apartment and sought treble damages under the Consumer Protection Act. Tenants did not pursue these claims at the hearing below or on appeal.

would be relieved of their obligation to pay the back rent sought by plaintiffs. It awarded each side $0 in damages.

On appeal, tenant Pratt asks this court to reverse and remand for the court to give her an opportunity to present evidence of damages she is owed as a result of the mold in the apartment and her ankle injury.[2] Tenant argues that her case is similar to Ferris-Prabhu v. Dave & Son, Inc., in which we reversed and remanded the small claims court's decision finding the defendant liable but dismissing the complaint because the plaintiff, who was pro se, failed to establish damages. 142 Vt. 479, 481 (1983). The record in that case indicated that the small claims court failed to allow the plaintiff to elaborate on his claimed damage figure of $500, did not advise the plaintiff on commonly used procedures for proving damages or examine him in a way to facilitate such proof, and did not explain defense counsel's objections to the plaintiff. Id. at 480-81. We noted that the record indicated that the plaintiff had a strong case for damages and was disadvantaged by acting as his own attorney, and this Court had the power to remand to avoid a failure of justice in such circumstances. Id. at 481. We concluded that remand was required for further hearing on the plaintiff's damages claim. Id. Tenant also cites Brandon v. Richmond, in which we reversed and remanded a judgment in favor of a landlord because the trial court made findings about the parties' written lease without allowing the pro se parties to actually enter it into evidence. 144 Vt. 496, 498 (1984).

This case does not present the procedural flaws that existed in Ferris-Prabhu or Brandon. Here, the court gave tenant ample opportunity to present evidence regarding additional damages she incurred as a result of the mold and mice infestation. Tenant did not offer any testimony about or documentary evidence of her alleged damages or even attempt to estimate a dollar amount. This was not a case where a pro se defendant was taken advantage of by opposing counsel. Tenant was simply unprepared to prove a matter for which she had the burden of proof. It was not the court's responsibility to help tenant prove her claim. See Nevitt v. Nevitt, 155 Vt. 391, 401 (1990) ("Although we will not permit unfair advantage to be taken of one who acts as her own attorney, it is not the trial court's responsibility to offer affirmative help to a pro se litigant."). Although tenant now asserts that the court should have adjourned the hearing to give her more time to gather evidence regarding her ankle injury, tenant did not request a continuance for that purpose below. Nor has she indicated what evidence she would have presented. To the contrary, at the hearing she specifically disavowed that she was seeking damages for that injury as part of her counterclaim in this ejectment action. The court did not abuse its discretion in proceeding with the hearing and entering final judgment under these circumstances.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice

---

[2] Tenant Smith initially joined in tenant Pratt's appeal, but later withdrew.