SUPERIOR COURT

Windsor Unit
12 The Green
Woodstock VT 05091
802-457-2121
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-01133

| Michael Laundry v. Emily Billings et al |
| --- |

## Ruling on Small Claims Court Appeal

Plaintiff/Appellant Michael Laundry appeals from a judgment issued by the Small Claims Court ("SCC") in favor of Defendants/Appellees Emily Billings and Max Shay. The dispute arises out of painting work done by Appellant at Appellees' home. Appellant brought suit to collect unpaid sums for work he performed. Appellees brought a counterclaim asserting damages to repair poor work done by Appellant. The SCC held an evidentiary hearing where both sides presented testimony and other evidence. The SCC issued an oral ruling and a written judgment order concluding that Appellees were entitled to offset any sums owed to Appellant and that they were entitled to affirmative damages as to their counterclaim.

The Court has listened to the recording of the hearing below and entertained oral argument in this appeal. It makes the following determinations.

### Summary of Key Facts Found and Rulings Made by the SCC

The parties entered into a contract to perform painting work at Appellees' home. After some back and forth, the final price agreed to was $11,350.00. Appellees paid a portion upfront but still owed Appellant $6,000.00. Appellees

1

wrote Appellant a $6,000.00 check at the end of the job. Appellees became concerned about the quality of the work and asked Appellant to make repairs. He failed to follow through on the repairs, and Appellees decided they no longer had confidence in Appellant to make the repairs. Appellees cancelled the check. The parties' relationship became quite sour, with Appellees eventually barring Appellant from the premises and obtaining a restraining order against him.

The SCC heard evidence from both sides. By a preponderance of the evidence, it credited Appellees' evidence that Appellant's painting inside and outside of the home was sloppy and below an appropriate level of workmanship. Further, many outside metal portions of the home were painted by mistake and needed to be painstakingly cleaned. The SCC found persuasive Appellees' testimony and evidence that, to get the house painted to the specifications agreed to in the contract between the parties, they would need to engage in significant additional work. The SCC accepted Appellees' evidence, based partially on an estimate from another contractor, that the additional work included repainting an internal island (estimated cost: $2,480.00), cleaning and stripping external metal pieces (estimated cost: $1,600.00), and repainting an entire side of the home (estimated cost: $5,000 plus $2,000) – for a total of $11,080.00. The SCC found in favor of Appellees as to those figures on their counterclaim.

Ultimately, the SCC offset the $6,000.00 still owed under the contract by Appellees against the above amounts.[1]  It's final judgment was in favor of Appellees in the amount of $5,000, plus $35.00 in costs.[2]

## Standard of Review

An appeal from a small claims judgment is narrow in scope.  It is heard and decided "based on the record made in the small claims procedure."  12 V.S.A. § 5538.  The "appeal is limited to questions of law."  V.R.S.C.P. 10(d).  If the SCC has applied the correct law, this Court will affirm its "conclusions if they are reasonably supported by the findings."  *Maciejko v. Lunenburg Fire Dist. No. 2,* 171 Vt. 542, 543 (2000) (mem.).  In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "*must be construed*, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984) (emphasis added).  The Court's review of the SCC's legal conclusions, however, is "non-deferential and plenary."  *Maciejko,* 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

## Analysis

In nearly every respect, Appellant's arguments founder on those high standards.  In both his written and oral submissions on appeal, he challenges the facts found by the Court below.  He maintains that the Appellees fabricated evidence and never afforded him an opportunity to repair the work.  He claimed

---

[1] No cross-appeal has been filed as to this approach and determination.

[2] The $80.00 was not awarded as it would have exceeded the SCC docket cap.

that amounted to a "catch-22," and that the underlying events were part of a coordinated plan by Appellees to obtain painting services at half-price.

The SCC, however, heard significant contrary evidence on those points from Appellees. It is entirely within the province of the SCC to consider the evidence and the demeanor of the witnesses and make credibility determinations. In this instance, the SCC heard both sides and rejected Appellant's testimony regarding the underlying facts. This Court is without authority to disturb those determinations where, as here, there is evidence in the record to support them. As a result, the lion's share of the appeal must be decided in favor of the Appellees.

The Court comes to a different conclusion with regard to the SCC's calculation of damages. The Court finds record support for the SCC's award of $2,400.00 to repaint the interior island; of $1,600.00 to clean and strip paint splashings from exterior metalwork; and of $5,000.00 to repaint a full exterior side. The Court is left to speculate, however, as to an additional $2,000.00 awarded in connection with the exterior painting. The SCC did not specify what that element of damages referred to specifically, Exhibit F does not reflect such an estimate from a contractor, and Appellees could not identify the source for it at oral argument. As to that element of damages, the Court can find no persuasive record support for the award. As a result, that portion of the award must be reversed.

## Conclusion

In light of the foregoing, the Judgment of the SCC is affirmed, in part, and reversed, in part. After offset, the Appellees' are awarded a final judgment in the

4

amount of $3,080.00, plus $35.00 in court costs (Total Judgment: $3,115.00) as to their counterclaim.[3]

Electronically signed on June 2, 2023, pursuant to V.R.E.F. 9(d).

Vermont Superior Court
Filed  06/02/23
Windsor Unit

Timothy B. Tomasi
Superior Court Judge

---

[3] Given the Court's rejection of the $2,000.00 portion of the damage amount, the $80.00 sum that exceeded the SCC docket cap has been restored to the Judgment.